

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

EMN/JMR
F.#2009R00579

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 17, 2011

By ECF

The Honorable Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. David D'Arpino
           Criminal Docket No. 09-135 (S-5) (SJ)

Dear Judge Johnson:

    The government respectfully submits this reply to the defendant David D'Arpino's opposition to the government's August 5, 2011 motion in limine to admit evidence of the defendant's uncharged criminal acts. For the additional reasons set forth below, the government respectfully submits that its motion should be granted in its entirety.

## Background

    The defendant, an associate in the Gambino organized crime family of La Cosa Nostra ("Gambino crime family"), is charged in the above-captioned superseding indictment with participating in four crimes of violence as part of Count One's racketeering conspiracy: the conspiracy to murder and murder of John Gebert; two robberies/robbery conspiracies; and witness tampering conspiracy/attempted witness tampering. The defendant is charged with Gebert's murder in Counts Two and Three in connection with two other enterprise-related crimes: murder in-aid-of racketeering and murder while engaging in or working in furtherance of a continuing criminal enterprise. The defendant is charged in Counts Four and Five with two weapons offenses: violating 18 U.S.C. §§ 924(c) (in connection with Count One) and 924(j) (in connection with Gebert's murder). Finally, the defendant is charged in Counts Six and Seven with witness tampering conspiracy and attempted witness tampering.

In its motion, the government seeks to introduce evidence of the defendant's participation in four other robberies or robbery conspiracies; two assaults; firearms possession; narcotics distribution and use; and auto theft. (Docket Entry No. 230 at 7-12). For the reasons set forth below, evidence of the defendant's participation in these uncharged criminal acts is directly relevant to the evidence of the defendant's participation in the charged crimes.

## Analysis

In his opposition, the defendant argues that all but one of the criminal acts set forth in the government's motion "ha[ve] no real probative value, but, rather, will serve to demonstrate that Mr. D'Arpino has a criminal propensity or is a bad person." (Docket Entry No. 234 at 2). The defendant also argues that admission of these acts will "unduly lengthen the proceedings considerably." (Id.). The defendant's arguments are without merit.[1]

The defendant wholly ignores the central argument for admission of evidence of these criminal acts, which is that uncharged criminal acts are admissible under clear Second Circuit precedent to establish the existence, organization, nature and membership of a charged enterprise and racketeering conspiracy. See, e.g., United States v. Baez, 349 F.3d 90, 93 (2d Cir. 2003) ("It is well-settled that in prosecutions for racketeering offenses, the government may introduce evidence of uncharged offenses to establish the existence of the criminal enterprise."). For that reason, it is clear that "[a]n act that is alleged to have been done in furtherance of the alleged conspiracy . . . is not an 'other act' within the meaning of Rule 404(b); rather, it is part of the very act charged." United States v. Concepcion, 983 F.2d 369, 392 (2d Cir. 1992), cert. denied, 510 U.S. 856 (1993). And because such an act is "probative of the existence, organization and nature of the RICO enterprise, a central allegation in the indictment, . . . the fact that it may also have been probative of a separate,

---

[1] The defendant's motion for a severance from defendant John Burke (Docket Entry No. 234 at 3-4) was addressed orally before the Court on August 15, 2011. The defendant's motion to dismiss Count Four (id. at 4-5) was denied in the same proceeding. For the record, the government notes that the same motion to dismiss was made by defendant Burke, opposed by the government and denied by the Court by order dated July 1, 2011. (See Docket Entry No. 221 at 11-12).

uncharged crime is <u>irrelevant</u>." <u>United States v. Wong</u>, 40 F.3d 1347, 1378 (2d Cir. 1994) (emphasis added).[2]

The argument that the government should be precluded from introducing evidence of the other crimes the defendant participated in as part of his long-standing association with the Gambino crime family because they are not included as predicate acts ignores the clear law of this circuit. <u>See</u> <u>Baez</u>, 349 F.3d at 93-94; <u>United States v. Miller</u>, 116 F.3d 641, 682 (2d Cir. 1997) (uncharged murders admissible to prove the existence and nature of the conspiracy); <u>United States v. DiNome</u>, 954 F.2d 839, 843 (2d Cir. 1992) (evidence of uncharged murders admissible to prove relationship and continuity of racketeering enterprise's illegal activities). The defendant fails to address these precedents.

With respect to the four robbery-related acts, the evidence will show that the defendant committed all four acts with one or more members of the same Gambino crime family crew that murdered John Gebert and committed the two charged robbery-related predicate acts. The four uncharged robbery-related acts are directly relevant as they show the defendant's role in his crew and, more broadly, the racketeering enterprise, and the ongoing nature and membership of that enterprise.[3] Moreover, evidence of the defendant's participation in robberies and other crimes in the 1990s with James Cadicamo and Blaise Corozzo, Jr., Gambino crime family associates and unindicted co-conspirators of the defendant with respect to the charged witness tampering that took place in 2009 and 2010, is further evidence of the continuity of the defendant's participation in the racketeering conspiracy over time.

---

[2] The government's motion also sets forth alternative grounds for admission of the evidence of the defendant's uncharged acts pursuant to Rule 404(b) of the Federal Rules of Evidence. (<u>See</u> Docket Entry No. 230 at 21-27). The evidence is not offered to show propensity or bad character, as the defendant argues, but rather to provide necessary background to the conspiracy, explain how the relationship of trust among the co-conspirators developed and enable the jury to understand the complete story of the charged crimes. As such, and for the additional grounds set forth in the government's motion, the evidence is admissible pursuant to Rule 404(b) as well.

[3] Evidence that the defendant carried a firearm in some of the acts is also relevant to the Section 924(c) charge, for which the underlying crime of violence is Count One's racketeering conspiracy.

4

With respect to the other acts, the defendant concedes that one – relating to the shooting of John Gebert's brother in the months preceding the murder – "appears to be related to the specific racketeering activity" (Docket Entry No. 234 at 2), as it indeed is. Some of the other acts – including another assault and firearms possession – were done at the direction of the leader of the defendant's crew, now a cooperating witness. <u>All</u> of the acts – including narcotics dealing, which was one of the crew's core money-generating activities and was one of the crimes that motivated crew-members to participate in the Gebert murder – establish the existence, organization, nature and membership of the charged enterprise and racketeering conspiracy.[4]

Such evidence is not only properly admitted at trial, but its exclusion would be unworkable. As it has long made clear, the government intends to prove much of its case through the testimony of multiple cooperating witnesses, nearly all of whom were former criminal associates of the defendant within the Gambino crime family. These witnesses cannot testify concerning their years-long relationships with the defendant without discussing the criminal enterprise in which they existed and thrived together. Any truthful and complete testimony about their own and the defendant's participation in the Gambino crime family will necessarily encompass criminal activity engaged in with the defendant. To strip away from their testimony all criminal acts not set forth as predicate acts in the superseding indictment would leave these critical witnesses without the capacity to explain how they came to know the defendant, how their participation with him in the enterprise and conspiracy began and developed, and how the defendant came to trust them enough to participate with them in – or confess to them his own participation in – many of the racketeering acts included in Count One, including murder. Further, for the government to fulfill its <u>Giglio</u> obligations, these witnesses must relate their own criminal histories. For some, that will mean testifying about the crimes they committed with the defendant. Excising the defendant from those histories would require the introduction of false and misleading testimony.

The suggestion that introducing evidence of the defendant's uncharged criminal acts will not only "unduly" but "considerably" lengthen this trial is simply wrong. The source

---

[4] Moreover, all of the acts give crucial context to the defendant's motivation in killing Gebert, which is an element of the murder in-aid-of racketeering charge.

5

of the evidence of the uncharged acts will be the same cooperating witness testimony that the government will use to establish the defendant's participation in the charged acts.  As such, the addition of the evidence of the uncharged acts will not add more than an hour or two of testimony to a weeks-long trial.

Finally, testimony concerning the defendant's racketeering activity not set forth as predicate acts in the superseding indictment is in no way unfairly prejudicial.  Rather, as noted in the cases cited above and in the government's motion, it is simply evidence of the racketeering conspiracy and enterprise.  Multiple cooperating witnesses will testify that the defendant committed crimes – including numerous robberies and other crimes of violence – with the Gambino crime family crew with which he was associated for years, and that the defendant's role within the crew was to commit such crimes of violence when instructed to do so.  To eliminate any testimony concerning such activity would be contrary to clear Second Circuit law and would unfairly limit the government's ability to prove the nature and existence of the enterprise and conspiracy.  See Baez, 349 F.3d at 93-94 (affirming admission of evidence of 16 uncharged robberies; "The evidence admitted by the District Court was relevant to the central issues of the trial: the existence of the racketeering enterprise and the conspiracy.  The uncharged conduct admitted by the District Court involved criminal conduct less inflammatory than the murder charged in the indictment.").

## Conclusion

For these reasons, as well as those set forth in the government's August 5, 2011 motion, the government respectfully submits that its motion in limine to admit certain evidence of the defendant's uncharged criminal acts should be granted.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:  \_\_\_\_\_/s/_____
Jacquelyn M. Rasulo
Evan M. Norris
Whitman G.S. Knapp
Assistant U.S. Attorneys
(718) 254-6103/6376/6107

cc:   Counsel of Record (by ECF)
      Clerk of Court (SJ) (by ECF)